### Marshall *versus* Mitchell.

In an action against the indorser of a promissory note, proof that he had received property of the maker for security, will not excuse the indorsee from showing demand and notice, unless the property, so taken, was sufficient, or was all that the maker owned.

On Facts agreed.

Assumpsit against the indorser of a negotiable note, dated April 3, 1848, payable in two years.

This note, and another of the same date and amount, payable at one year, together with fifty dollars in cash, were given to the defendant by one Merrow for a shop, being personal property, sold by the defendant to Merrow. At the same time, Merrow gave to the defendant a mortgage of the shop to secure the notes. On April 6th, 1850, the shop was consumed by fire. There was no seasonable demand upon the maker or notice to the defendant of non-payment by the maker. If these facts do not make a sufficient case for the plaintiff the action is to stand for trial.

*Paine,* for the plaintiff, to show that a demand on the maker and notice to the defendant were unnecessary, on the ground that the note was secured by the mortgage, cited *Mead* v. *Small,* 2 Greenl. 207 ; *Andrews* v. *Boyd,* 3 Metc. 434 ; *Bond* v. *Farnham,* 5 Mass. 170.

The opinion of the Court, Shepley, C. J., Tenney, How-ard, Rice and Appleton, J. J., was delivered by

HOWARD, J., orally. — The case does not satisfactorily show that the defendant had sufficient security, by the mortgage, nor that the mortgage embraced all the property which the maker owned. He had therefore a right to notice.

*Action to stand for trial.*

*Danforth* and *Woods*, for the defendant.